RODNEY OWEN SKURDAL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Skurdal v. Comm'r
Docket No. 20448-11 L
United States Tax Court
2012 U.S. Tax Ct. LEXIS 35; January 13, 2012, Decided
Skurdal v. Comm'r, 2012 U.S. Tax Ct. LEXIS 34 (T.C., Jan. 13, 2012)
*35 Petitioner, Pro se.
For Respondent: Ashford, Craig A., Salt Lake City, UT; Burnett, Charles B., Salt Lake City, UT.
Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
Paragraph 1 of the petition, filed September 6, 2011, indicates that the case was commenced in response to a notice of deficiency, seesec. 6213,[1] or a notice of determination, seesec. 6330 (d), relating to 2009. Now before the Court is respondent's Motion to Dismiss for Lack of Jurisdiction, filed November 15, 2011. Respondent's motion is based upon the ground that no determination that could support jurisdiction over petitioner's 2009 Federal income tax liability has been made under section 6213(a) (relating to a deficiency) or 6330 (d) (relating to a proposed collection action). The document attached to the petition is neither a notice of deficiency nor a notice of determination.
By Order dated November 16, 2011, petitioner was directed to notify the Court if there was an objection to respondent's motion. Instead of proceeding as directed in *36 that Order, petitioner submitted several documents to the Court,[2] *37 none of which comply with the Court's Rules of Practice and Procedure, and none of which in any way suggest, let alone establish, that the Court has jurisdiction over petitioner's 2009 Federal income tax liability.
Because nothing in the record shows that respondent has issued a notice of deficiency, a notice of determination, or any other notice to petitioner with respect to his 2009 Federal income tax liability that would confer jurisdiction upon the Court, and because none of the documents received from petitioner on December 12, 2011, are suitable for filing in this case, it is
ORDERED that the Clerk of the Court return, unfiled, the documents received from petitioner on December 12, 2011, with the copy of this Order served upon him. It is further
ORDERED that respondent's Motion to Dismiss *38 for Lack of Jurisdiction is granted, and this case is dismissed for lack of jurisdiction upon the ground respondent has not issued any notice to petitioner for 2009 that could support the Court's jurisdiction.
(Signed) Lewis R. Carluzzo
Special Trial Judge
ENTERED: JAN 13 2012
Footnotes
1. Unless otherwise noted, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.↩
2. On December 12, 2011, the Court received the following documents, styled as follows, from petitioner (bold and emphasis in the originals): (1) "'Response to IRS Motion' Motion to 'Quash' IRS attorneys [sic] motion; with attached Affidavit & with 'Judicial Notice' F.R. of Evid., with Rule 201; Nonnegotiable in Law & Fact, with 'Presumption Rule['], 301, In support thereof, wit 'set-off', in 'good faith'.", attached to which was a copy of respondent's motion; (2) "Motion to 'Quash' IRS attorneys [sic] motion; with attached Affidavit & with 'Judicial Notice' F.R. of Evid., with Rule 201; Non-negotiable in Law & Fact, with 'Presumption Rule[']301, In support thereof, wit 'set-off', in 'good faith'.", attached to which were, inter alia, a copy of petitioner's birth certificate, photocopied pages of a bible, a photocopy of an envelope sent to petitioner by the IRS on which was the handwritten notation "Return to Sender; opened by Mistake 'walplr' tdc no such 'fictitious person' by this name; and caselaw declares 'A derivate [sic] of a name is not a legal name' * * *", and a document entitled "26 USC 6213 - Sec. 6213. Restrictions applicable to deficiencies; petition to Tax Court"; and (3) "'Declaratory Judgment' 28 USC §2201, 2202, Rules 55 and 56; 'Judicial Notice' F.R. of Evid., with Rule 201; Non-negotiable in Law & Fact, with 'Presumption Rule['], 301↩, In support thereof, in 'good faith'.", attached to which were several photocopied documents, including one entitled "Understanding the Definitions Used Against You".